

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable M. O. Flowers
Secretary of State
Austin, Texas

Dear Mr. Flowers:

Opinion No. 0-2100
Re: Foreign corporations --
Government-owned stock --
Permit to do business
in Texas -- Article 1529,
Revised Civil Statutes.

We beg to acknowledge receipt of your letter of March 21, 1940, requesting a legal opinion from this department, as follows:

"The Distribuidora de Petroleos Mexicanos, a Mexican corporation, the entire capital stock of which is owned by the Mexican Government is planning to have a representative in Texas which will take orders for fuel oil and petroleum products to be sold and delivered by Distribuidora de Petroleos Mexicanos, some of which may be shipped from Mexico and some of which may be shipped from supplies on hand at the Refinery of Eastern States Petroleum Company located on the Houston Ship Channel, in Harris County, Texas, such supplies being held in storage for Distribuidora de Petroleos Mexicanos. We understand that such representative would not actually make the sales but would solicit orders and send them on to the officials of the company in Mexico and that contracts would be prepared and executed by the officers

of Distribuidora de Petroleos Mexicanos in Mexico covering the sale of these products, but that actual delivery of these products would be made in Texas, either by shipment of the products from Mexico into Texas or by the delivery of such products out of storage at the plant of Eastern States Petroleum Company. We further understand that it is contemplated that most of the orders taken by such representative would be orders placed by persons or companies doing business in states (in the United States) other than Texas, but that some sales and deliveries would be made to persons or companies located in Texas and that some of such deliveries to Texas citizens might be made from the storage at the plant of Eastern States Petroleum Company in Texas.

"The Mexican Government through its Vice-Consul, Sr. Fidencio Soria B., has asked this department whether the company will have to take out a permit to do business in Texas.

"We would like an opinion from your department as to whether a foreign government or agency should comply with our statutes in regard to out of state corporations, and if so, whether, by complying with our laws, a foreign government would thus be subject to suit in state courts."

Article 1529 of the Revised Civil Statutes provides:

"Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality, de-

Honorable M. O. Flowers - Page 3

siring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation. If such corporation is created for more than one purpose, the permit may be limited to one or more purposes."

It is plain from your statement that Distribuidora de Petroleos Mexicanos contemplates doing business in Texas within the meaning of the above-quoted Article, and, therefore, is required to obtain a permit to transact business in this State.

It is immaterial that the stock of this corporation is owned by the Mexican Government; the statute takes no notice of stock ownership, it is concerned only with the corporate domicile. The permit statute applies to corporations organized or created under the laws of any foreign government, sovereignty or municipality."

The foreign corporation doing business in this State under a lawful permit is subject to suit in our State courts; even without a permit it would be subject to the jurisdiction of our court to the extent of property owned by the corporation within the jurisdiction of the State, whether jurisdiction for personal judgment could be obtained or not.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED APR 18, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN